1:21-CV-207-MHH-SGC

2021 Feb-10 AM 09:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO 241 (Rev. 09/17)

FILED

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2021 FEB -9 P 4: 49

| United States District Court | District: NORTHERN | |
|---|---|---|
| Name (under which you were convicted):<br>MICHAEL WAYNE LATHERS | | Docket or Case No.:<br>N.D. OF ALABAMA |
| Place of Confinement :<br>Hamilton Community Work Center | Prisoner No.:<br>259367 | |
| Petitioner (include the name under which you were convicted)<br>MICHAEL WAYNE LATHERS<br><br>v. | Respondent (authorized person having custody of petitioner)<br>GARY WILLIAMS, Warden of Hamilton Community<br>Work Center | |
| The Attorney General of the State of: ALABAMA | | |

U.S. DISTRICT COURT
N.D. OF ALABAMA

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Calhoun County Circuit Court, Anniston, Alabama

    _____

    _____

    (b) Criminal docket or case number (if you know):    CC 2005-1028

2.  (a) Date of the judgment of conviction (if you know):    _____

    (b) Date of sentencing:    04/26/2021

3.  Length of sentence:    Twenty-five (25) years

4.  In this case, were you convicted on more than one count or of more than one crime?    ☐ Yes    ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:    Murder

    _____

    _____

    _____

    _____

    _____

6.  (a) What was your plea? (Check one)

    ☑ (1)    Not guilty    ☐ (3)    Nolo contendere (no contest)

    ☐ (2)    Guilty    ☐ (4)    Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☑ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

    ☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    Alabama Court of Criminal Appeals

(b) Docket or case number (if you know):

(c) Result:    Affirmed

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

    If yes, answer the following:

    (1) Name of court:    Alabama Supreme Court

    (2) Docket or case number (if you know):

    (3) Result:    Certiorari denied - No opinion

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐  Yes    ☑  No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ☑  Yes    ☐  No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    Calhoun County Circuit Court _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding:    Rule 32 under Alabama Rules _____

(5) Grounds raised:    Ineffective assistance of counsel _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes    ☑  No

(7) Result:    Rule 32 denied _____

AO 241 (Rev. 09/17)

        (8) Date of result (if you know): _____

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:    Calhoun County Circuit Court _____

        (2) Docket or case number (if you know):    CC 2005-1028 _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding:    Motion to Set Aside Conviction _____

        (5) Grounds raised:    The Petitioner had been denied a stand your ground hearing because at the

           conviction there was no basis under Alabama law to have a pretrial stand your ground

           hearing. _____

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☑ No

        (7) Result:    Motion denied. _____

        (8) Date of result (if you know): _____

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised: _____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes    ❒ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ❒ No

(2) Second petition:   ❒ Yes    ❒ No

(3) Third petition:    ❒ Yes    ❒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A _____

_____

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**  See attached. _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Motion to Set Aside Conviction

Name and location of the court where the motion or petition was filed:    Calhoun County Circuit Court

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):    Attached. _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Alabama Court of Criminal Appeals

_____

Docket or case number (if you know): _____

Date of the court's decision:    11/12/2020 _____

Result (attach a copy of the court's opinion or order, if available):    Attached. _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:    Writ of Mandamus to the Alabama Supreme Court, raised the

same issue, denied on December 28, 2020. Attached is a copy of the Court's denial.

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❏    Yes        ❏    No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏    Yes        ❏    No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | | | |
|---|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ❐ | Yes | ❐ | No |
| (4) Did you appeal from the denial of your motion or petition? | ❐ | Yes | ❐ | No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ❐ | Yes | ❐ | No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❏  Yes    ❏  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ❏  Yes    ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                      ❏  Yes    ❏  No

(4) Did you appeal from the denial of your motion or petition?                 ❏  Yes    ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏  Yes    ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:

_____

_____

_____

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❐  Yes    ❐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐  Yes    ❐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                    ❐ Yes      ❐ No

(4) Did you appeal from the denial of your motion or petition?                          ❐ Yes      ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❐ Yes      ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
       have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No. _____

_____

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    William Broome, P.O. Box 1952, Anniston, AL 36202

(b) At arraignment and plea:    William Broome, P.O. Box 1952, Anniston, AL 36202

(c) At trial:    William Broome, P.O. Box 1952, Anniston, AL 36202

(d) At sentencing:    William Broome, P.O. Box 1952, Anniston, AL 36202

(e) On appeal:    William Broome, P.O. Box 1952, Anniston, AL 36202

(f) In any post-conviction proceeding:    Roger C. Appell, 301-19th Street North, Birmingham, AL 35203

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 09/17)

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

_____

_____

_____

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____02/10/2021_____ (month, date, year).

Executed (signed) on _2/10/2021_ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____



# IN THE SUPREME COURT OF ALABAMA

## December 28, 2020

1200134

Ex parte Michael Wayne Lathers. PETITION FOR WRIT OF MANDAMUS: CRIMINAL (In re: State of Alabama v. Michael Wayne Lathers) (Calhoun Circuit Court: CC-05-1028; Criminal Appeals: CR-19-0910).

### ORDER

The Amended Petition for Writ of Mandamus filed by Michael Wayne Lathers on November 25, 2020, directed to the Honorable Louie Harold Turner, Jr., Judge of the Circuit Court of Calhoun County, having been submitted to the Court,

IT IS ORDERED that the Petition for Writ of Mandamus is DENIED.

**Parker, C.J., and Bolin, Shaw, Wise, Bryan, Sellers, Mendheim, Stewart, Mitchell, JJ., concur.**

**Witness my hand this 28th day of December, 2020.**

*Julie Jordan Weller*

**Clerk, Supreme Court of Alabama**

> **FILED**
> **December 28, 2020**
> **12:07 PM**
>
> **Clerk**
> **Supreme Court of Alabama**

cc: D. Scott Mitchell
Hon. Louie Harold Turner, Jr.



# IN THE SUPREME COURT OF ALABAMA

December 28, 2020

Calhoun County Circuit Clerk's Office
Roger Charles Appell
Steven Marshall
Brian A. McVeigh

# ALABAMA COURT OF CRIMINAL APPEALS

CR-19-0910

## Ex parte Michael Wayne Lathers

## PETITION FOR WRIT OF MANDAMUS

(In re: State of Alabama v. Michael Wayne Lathers)

Calhoun Circuit Court No. CC-05-1028

## ORDER

Michael Wayne Lathers filed this petition for a writ of mandamus requesting that this Court direct Judge Louie Harold Turner, Jr., to set aside his order denying Lathers's Motion to Set Aside Conviction for Failure to Afford Defendant a Stand-Your-Ground Hearing. According to this petition, Judge Turner issued his order on July 1, 2020.

A petition for a writ of mandamus filed with this Court must comply with the requirements regarding form and substance as set forth in Rule 21(a)(1), Ala. R. App. P. Among the requirements of a petition for a writ of mandamus is "[a] statement of the reasons why the writ should issue, with citations to the authorities and the statutes relied on." Lathers included a section in his petition labeled as a "State of the Reasons Why the Writ Should Be Issued." This section, however, does not contain any argument as to why the writ should issue nor does it contain any citations to authorities or statutes relied upon by Lathers. Instead, it references this Court to the attached Motion to Set Aside Conviction for Failure to Afford Defendant a Stand-Your-Ground Hearing. This does not comply with the requirements of Rule 21(a)(1)(E), Ala. R. App. P.

Additionally, a petition for a writ of mandamus must also contain an appendix "including copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition." Rule 21(a)(1)(F), Ala. R. App. P. Lathers appended a copy of the

petition." Rule 21(a)(1)(F), Ala. R. App. P. Lathers appended a copy of the motion he filed with the trial court, but he did not append a copy of the order that is the subject of this mandamus petition.

Because Lathers has failed to comply with the filing requirements of Rule 21, Ala. R. App. P., this petition for a writ of mandamus is due to be, and the same is hereby, **DISMISSED**.

Windom, P.J., and Kellum, McCool, Cole, and Minor, JJ., concur.

Done this 12th day of November, 2020.

MARY B. WINDOM, PRESIDING JUDGE

cc:   Hon. Louie Harold Turner, Jr, Circuit Judge
      Hon. Kim McCarson, Circuit Clerk
      Brian A. McVeigh, District Attorney
      Roger Charles Appell, Attorney
      Office of the Attorney General

2

## PROCEDURAL HISTORY

The Petitioner was convicted of murder on April 26, 2008 in Calhoun County Alabama. He was sentenced to twenty-five (25) years in prison. A direct appeal was taken to the Alabama Court of Criminal Appeals which affirmed his conviction on April 24, 2009 in an unpublished opinion.

A petition for writ of certiorari was filed to the Alabama Supreme Court which was denied in 2009. The Petitioner filed a Rule 32 petition in state court which was denied. An appeal was taken to the Alabama Court of Criminal Appeals which was denied in April, 2012. A petition for certiorari was denied in that same year.

The Petitioner filed a motion to set aside his conviction in the Circuit Court of Calhoun County alleging that he had not been afforded a stand your ground hearing. The trial court denied the motion without any opinions on July 1, 2020. The Alabama Court of Criminal Appeals denied the petition on November 12, 2020. A petition for writ of mandamus was filed in the Alabama Supreme Court which was denied on without opinion.

## STATEMENT WHY WRIT SHOULD ISSUE

The Petitioner was arrested and charged with murder on April 7, 2005. He was tried and convicted of murder on April 26, 2008 and sentenced to 25 years imprisonment on June 4, 2008. The Petitioner's defense at trial was that he shot and kill his brother who had attacked him at the Petitioner's home in self-defense. After the trial, the Alabama legislature adopted in June, 2006, the "Stand Your Ground Defense" which abandoned the previous rule which required retreat from a dangerous situation. § 13A-3-23(b), Code of Alabama, 1975. Under this statute, self-defense

provides for immunity from prosecution so that the "Stand Your Ground Defense" is a pretrial defense which must be tried before any defendant can be put to trial on the merits. The issue of guilt or innocence is tried only if the defendant loses the pretrial "Stand Your Ground" hearing. The law, however, at the time of the Petitioner's trial was that there was no pretrial requirements of determining the right to the "Stand Your Ground" defense prior to a trial on the merits.

This was not a Rule 32 petition. The Alabama Rule 32 in its entirety reads as follows:

"Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:

(a) The constitution of the United States or the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

(b) The court was without jurisdiction to render judgment or to impose sentence.

(c) The sentence imposed exceeds the maximum authorized by law or is otherwise not authorized by law.

(d) The petitioner is being held in custody after the petitioner's sentence has expired.

(e) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court because:

(1) The facts relied upon were not known by the petitioner or the petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;

(2) The facts are not merely cumulative to other facts that were known;

(3) The facts do not merely amount to impeachment evidence;

(4) If the facts had been known at the time of trial or of sentencing, the result would have been different, and

(5) The facts establish that the petitioner is innocent of the crime for which the petitioner was convicted or should not have received the sentence that the petitioner received.

(f) The petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part.

A petition that challenges multiple judgments entered in more than a single trial or guilty-plea proceeding shall be dismissed without prejudice."

The Petitioner is alleging that at the time of his trial, which occurred in 2008, the State of Alabama had passed a new statute which would allow a defendant the defense of "Stand Your Ground" rather than having to retreat under the old self-defense law. This new statute became law in June, 2006. However, the statute had no provision in which a defendant could claim that right prior to trial.

It was not determined until the Alabama Court of Criminal Appeals ruled in the case of Harrison v. State, 203 So.3d 126 (Ala.Crim.App. 2015) that a defendant had an absolute right to a pretrial determination of his stand your ground defense. In Harrison, the court held in a trial, that occurred after this plaintiff's trial, "...there is currently no Alabama case law interpreting § 13A-3-23(d), Ala. Code 1975. In order to properly address the arguments presented on appeal, this court must determine whether § 13A-3-23(d) requires a trial court to conduct a pretrial immunity hearing." at p. 128. The court concluded that it was in fact required. They also held

"...[A]lthough Harrison was entitled to argue at trial, as an affirmative defense, that he acted in self-defense, that argument differs from a pretrial immunity claim in that the remedy for an affirmative defense would be an acquittal rather than an avoidance of prosecution altogether." at p. 132. (emphasis added). Thus, long after this Petitioner's trial, after his conviction had been affirmed, and his time limit to file a State Rule 32 petition had expired, it became established that he had had an absolute right to a pretrial hearing at the time of his trial.

However, he could <u>never</u> have raised the present issue in a Rule 32 hearing because there would never have been a basis under Rule 32 to raise the issue. The only conceivable argument that could ever have been made was that his trial counsel had rendered ineffective assistance of counsel by not requesting a stand your ground hearing. If the Petitioner had timely raised that issue in a Rule 32 petition, the State would have successfully argued that there could not have been ineffective assistance of counsel because there had not been any statutory or case law authority for the pretrial hearing.

What has happened is this Petitioner has been denied a substantive due process right to a pretrial hearing. His due process right has been denied and any conviction based on this denial cannot be valid. Therefore the issue before this Court is whether or not the Petitioner should be entitled to a pretrial hearing on the issue of whether he was immune from prosecution. The only case that deals with this issue is <u>White v. State</u>, 992 So.2d 783 (Ala.Crim.App. 2007) which stands for the proposition that there is no retroactive application of the stand your ground statute. There are, however, critical factual differences between this Petitioner and White.

White was convicted in 1999 and received a certification of judgment on June 29, 2001. Approximately five years later, after his judgment was final, the law in Alabama changed with the enactment of 13A-3-23, 2006. White could not seek retroactively of the law because of the finality of his conviction prior to the change in the law.

The Petitioner, however, presents a different factual situation. Petitioner was convicted in 2008, after the 2006 statute was enacted. Therefore, Petitioner is <u>not</u> seeking the retroactive application of the 2006 statute, but rather the substantive law in effect at the time of his trial. Petitioner is not seeking a retroactive application of the 2006 statute, but that it be applied prospectively. At the time of Petitioner's trial there had been an intervening change in the law that gave him an absolute right to a pretrial hearing on the issue of immunity. The right existed at the time of Petitioner's trial. As the Court of Criminal Appeals pointed out in <u>Harris</u>, a defendant had an absolute right to a pretrial determination of his stand your ground defense. The court wrote "…[A]lthough Harrison was entitled to argue at trial, as an affirmative defense, that he acted in self-defense, <u>that argument differs from a pretrial immunity claim</u> in that the remedy for an affirmative defense would be an acquittal rather than an avoidance of prosecution altogether." at p. 132 (emphasis added). Therefore Petitioner's pretrial immunity claim was the "law of the case" at the time of his trial. He was entitled to this substantive change in the law. He is thus, not seeking a retroactive application of the law as White was claiming, but merely that he be entitled to that substantive law prior to his trial.

The law of the case doctrine in Alabama is stated in the case of Ex parte City

of Birmingham v. Alexander, 161 So.3d 1195 (Ala. 2014) which held:

> "The general rule is that a case pending an appeal will be subject
> to any change in the substantive law. The dominant principle is that
> "nisi prius" and appellate tribunals alike should confirm their rides to
> the state law as of the time of the entry. Intervening and conflicting
> decisions will thus cause the reversal of judgments which were correct
> when entered. Thus courts are required to apply in a particular case the
> law as it exists at the time it enters its final judgment. If there is a
> change in either the statutory or decisional law before final judgment is
> entered, the appellate court must dispose of the case according to the
> law as it exist at the time of final judgment, and not as it existed at the
> time of the appeal. This rule is usually regarded as being founded upon
> the conceptual inability of a court to enforce that which is no longer the
> law, even though it may have been the law at the time of the trial, or at
> the time of the prior appellate proceeding."

In summary, the Petitioner was entitled to the intervening changes in the law

at the time of his trial and appeal. He was, and still is, entitled to a pretrial hearing

to determine whether he was immune from prosecution and his conviction cannot

stand.