# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

MICHAEL WAYNE LATHERS, )
)
    Petitioner, )
)
v. ) Case No. 1:21-cv-00207-MHH-SGC
)
GARY WILLIAMS, *et al.*, )
)
    Respondents. )

## MEMORANDUM OPINION AND ORDER

On April 8, 2022, the United States Court of Appeals for the Eleventh Circuit remanded the appeal of petitioner Michael Wayne Lathers to this Court and directed this Court to determine whether Mr. Lathers is entitled to the benefit of the "prison mailbox rule" regarding his notice of appeal, which the Clerk of Court docketed on January 6, 2022. (Docs. 20, 26). If so, this Court must determine when Mr. Lathers provided the notice of appeal for mailing. If not, this Court must determine whether Mr. Lathers is entitled to an extension of time to file his notice of appeal under Fed. R. App. P. 4(a)(5). (Doc. 26). This opinion resolves these issues.

**Background**

In 2021, Mr. Lathers filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Because the habeas petition was not Mr. Lathers's first in federal court, this Court dismissed his petition without prejudice for lack of

jurisdiction because the Eleventh Circuit had not authorized him to file a successive habeas petition. (Docs. 8, 9, 10). Mr. Lathers filed a challenge to the dismissal order and submitted the full appellate filing fee of $505. (Doc. 11). Because Mr. Lathers submitted an appellate filing fee, the Clerk of Court deemed the challenge a notice of appeal and transmitted Mr. Lathers's record to the Eleventh Circuit. (Doc. 12; Doc. 16, pp. 2-3). The Eleventh Circuit dismissed Mr. Lathers's appeal for lack of jurisdiction because Mr. Lathers's written challenge to the dismissal order, construed as a notice of appeal, was not timely. (Doc. 16). In its dismissal order, the Eleventh Circuit noted that Mr. Lathers cited Rule 60(b)(6) of the Federal Rules of Civil Procedure in his challenge to the dismissal order and advised Mr. Lathers that if he wished to challenge the order of dismissal under Rule 60(b), he could present his argument to this Court. (Doc. 16, p. 3).

Mr. Lathers then filed a *pro se* motion for relief from judgment pursuant to Rule 60(b)(6) in this Court. (Doc. 17).[1] This Court denied the motion on jurisdictional grounds by order dated December 6, 2021. (Doc. 18). The Court explained that Mr. Lathers still had not received the requisite authorization from the Eleventh Circuit to pursue a successive habeas petition. (Doc. 18).

---

[1] In his September 27, 2021 filing, Mr. Lathers confirmed he intended to seek relief under Rule 60(b). (Doc. 17). Therefore, the Court directs the Clerk of Court to refund the $505 fee that Mr. Lathers submitted with Doc. 11.

Mr. Lathers's attorney moved to withdraw from representing him on January 5, 2022—the deadline for Mr. Lathers to file a notice of appeal from this Court's December 6, 2021 order. (Doc. 19). On January 10, 2022 the Court granted the motion to withdraw. (Doc. 23).

The District Court Clerk received a notice of appeal in Mr. Lathers's case on January 6, 2022. (Docs. 20, 20-1). The document was not signed by Mr. Lathers but instead was signed on his behalf by Tammy Sharlene Lathers pursuant to a power of attorney. (Doc. 20, p. 1). The envelope containing the notice of appeal has a return address for Mr. Lathers at the Hamilton Work Release Center in Hamilton, Alabama, (Doc. 20, p. 1), but the postage indicates that the envelope was mailed from Jacksonville, Alabama on January 5, 2022, via one-day delivery, (Doc. 20-1, p. 1).

Mr. Lathers next filed with the Court of Appeals a document which he dated January 14, 2022. The document is attached to this opinion as Exhibit A. In that document, Mr. Lathers asked for an extension of time to file his appeal. The Eleventh Circuit concluded that, although Mr. Lathers mistakenly filed his motion for extension of time in the appellate court, the January 14 document is effective to serve as a motion to extend the time for filing a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). (Doc. 26, p. 2). Mr. Lathers again paid the full appellate filing fee of $505 on February 4, 2022. (Doc. 25).

**The Prison Mailbox Rule**

To be timely, a party generally must file a notice of appeal in a civil case "with the district clerk within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). Thus, Mr. Lathers's appeal from the Court's December 6, 2021 order denying his Rule 60 motion was due with the district court clerk by January 5, 2022. If a prison inmate files a notice of appeal in a civil case, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing" and the filing bears evidence of the time of deposit with prepaid postage. FED. R. APP. P. 4(c)(1)(A); *see Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (explaining that, under the prison mailbox rule, "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."). The prison mailbox rule applies only if a prisoner uses an institution's legal mail system to file a notice of appeal. FED. R. APP. P. 4(c)(1).

When he filed his January 2022 notice of appeal, Mr. Lathers was confined at Hamilton Work Release Center, but he did not use that institution's legal mail system to file his notice of appeal. (Doc. 20-1, p. 1). As discussed, Tammy Sharlene Lathers signed the notice of appeal for Mr. Lathers pursuant to a power of attorney, and, though the mailing envelope provides a return address for Hamilton Work Release Center in Hamilton, Alabama, the postage on the envelope shows that it was mailed from Jacksonville, Alabama on January 5, 2022, the day the notice of appeal was

4

due in the Clerk's Office. (Doc. 20-1).[2] Because the record demonstrates that Mr. Lathers did not use Hamilton Work Release Center's mail system to file his January 2022 notice of appeal, he is not entitled to the benefit of the prison mailbox rule. Because the district clerk did not receive his notice of appeal until January 6, 2022, one day beyond the January 5, 2022 deadline, Mr. Lathers did not file his notice of appeal on time.

**Extension of Time to Appeal**

A district court may extend the time to file a notice of appeal if a party moves for an extension within 30 days of the expiration of the initial filing period and shows excusable neglect or good cause for a delayed filing. Fed. R. App. P. 4(a)(5)(A); *see also Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996). When analyzing a claim of excusable neglect, a district court should consider "all relevant circumstances surrounding the party's omission," including the risk of prejudice to the nonmoving party; the length of delay and its potential impact on the proceedings; the reason for delay and whether the delay was within the reasonable control of the moving party; and whether the moving party acted in good faith. *See*

---

[2] Because the Court of Appeals did not direct this Court to determine whether Ms. Lathers's signature on the notice of appeal is adequate, and because a defect in the signature of a notice of appeal is not a jurisdictional defect, *Becker v. Montgomery*, 532 U.S. 757, 768 (2001), the Court has not analyzed this issue.

*Riney*, 77 F.3d at 1325 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, there is no prejudice to the non-moving parties; none has been served. Someone mailed the notice of appeal on the January 5, 2022 deadline via overnight delivery, and the Clerk of Court received the notice the following day, one day after the filing deadline. Thus, Mr. Lathers made a good faith effort to file his notice of appeal on time. A one-day delay has no substantive impact on these proceedings. In his request for an extension of time to file his appeal, Mr. Lathers asserts that his attorney abandoned him in January 2021. (Ex. A). The argument does not help Mr. Lathers because he began signing and filing his own motions in July 2021. (Docs. 11, 17, 20). Nevertheless, Mr. Lathers demonstrated his interest in an appeal when he first challenged the Court's dismissal order and submitted the appellate filing fee with his challenge. (Doc. 11). Mr. Lathers had tried in good faith to challenge this Court's orders.

Given the short delay, the lack of prejudice to the non-movants, and Mr. Lathers's good faith effort to seek review of this Court's orders, the Court grants Mr. Lathers's request for extension of time and deems his January 6, 2022 notice of appeal timely filed.

The Clerk shall please mail a copy of this order to Mr. Lathers at 259637 Hamilton Community Work Center 1826 Bexar Avenue East Hamilton, AL 35570

and shall please return the record on appeal, as supplemented with this memorandum opinion and order, to the Eleventh Circuit Court of Appeals. (*See* Doc. 26, pp. 2-3). The Clerk shall please refund Mr. Lathers's first $505 appellate filing fee. (*See* p. 2, n. 1).

    **DONE** and **ORDERED** this April 25, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

**Exhibit A**

APPEAL NUMBER 22-10043-G

USCA11 Case: 22-10043   Date Filed: 01/20/2022   Page: 1 of 3   cv-00207MHHSGC

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

PETITIONER REQUEST EXTENTION OF TIME

TO FILE APPEAL

PETITIONER ASK PERMISSION TO USE

EXTRA PAGES

KINDEST REGARDS

1-14-2022

MICHAEL W. LATHERS

P.S. ATTORNEY ROGER C. APPELL ABANDOND THIS CLIENT ON OR ABOUT JANUARY 2021

MICHAEL WAYNE LATHERS
HAMILTON WORK RELEASE CENTER
1826 BEXAR AVE E
HAMILTON, AL 35570